# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

IN RE MINOR FAMILY HOTELS, LLC,

*Debtor.*

MINOR FAMILY HOTELS, LLC, & HALSEY MINOR,

*Appellants,*

v.

SPECIALTY FINANCE GROUP, LLC, HOTEL
CHARLOTTESVILLE, LLC, AND LEE DANIELSON,

*Appellees.*

CASE NO. 3:10-CV-00062

<u>MEMORANDUM OPINION</u>

JUDGE NORMAN K. MOON

This matter is before the Court upon consideration of an appeal filed by debtor and defendant Minor Family Hotels, LLC ("Debtor") and Halsey Minor (collectively "Owners") from an order of the United States Bankruptcy Court of the Western District of Virginia, Lynchburg Division ("Bankruptcy Court") entered on October 1, 2010, remanding *Specialty Finance Group, LLC v. Minor Family Hotels, LLC,* Adv. No. 10-06112 ("Georgia Action") to the State Court of Fulton County, Georgia ("Georgia State Court"). Oral argument and decision in this matter have been expedited as requested by Owners in their Emergency Motion (docket no. 18) in order to avoid delaying the Georgia State Court's hearing on pending motions for summary judgment scheduled for December 14, 2010. For the reasons stated below, I affirm the Bankruptcy Court's remand order.

# I. Background

The Bankruptcy Court described the underlying facts in detail, so I will only briefly mention them here. *See Specialty Fin. Group, LLC v. Minor Family Hotels, LLC (In re Minor Family Hotels)*, Chap. 11 Case No. 10-62543, Adv. No. 10-06112, slip op. at 2-3 (Bankr. W.D. Va. Oct. 1, 2010). This dispute arises out of a construction loan agreement for a $23.6 million loan entered into by lender and plaintiff Specialty Finance Group, LLC ("Lender") and by Debtor for the purpose of funding the construction and development of a hotel on the downtown mall in Charlottesville, Virginia. (Owners' Opening Br. 1.) Lender alleges that because events of default occurred, it rightfully accelerated all amounts due under the loan and guaranty and sought those amounts from Owners. (Lender's Br. 6.) Owners allege that Lender wrongfully failed to fund the loan and illegally colluded with Hotel Charlottesville, LLC ("Developer"), Lee Danielson, and Clancy & Theys Construction Company ("General Contractor"). (Owners' Opening Br. 3, 7.)

The first legal proceeding to spawn from this dispute was filed by Owners in February 2009 in the Circuit Court for the City of Charlottesville in the Commonwealth of Virginia ("Virginia State Court") against Developer and Danielson for breach of contract and fraud ("Virginia Lead Action").[1] Lender then initiated the action that is the subject of this appeal in Georgia State Court, asserting claims against Owners for breach of the loan agreement and guaranty. Owners counterclaimed in the Georgia Action for breach of the loan agreement and fraud.[2] Shortly thereafter, Lender was added as a defendant in the Virginia Lead Action. A third

---

[1] Owners alleged breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud in the inducement, fraud, and constructive fraud. (Owners' Opening Br. 6.) Once removed, this action became *Minor Family Hotels, LLC v. Hotel Charlottesville, LLC*, Adv. No. 10-06108.

[2] Owners alleged the same claims they alleged in the first Virginia State Court action: breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud in the inducement, fraud, and constructive fraud. (Owners' Opening Br. 6.)

proceeding was filed by General Contractor in June 2009 in Virginia State Court against Debtor and Lender for the foreclosure of mechanic's liens recorded against the hotel construction project ("Virginia Lien Action").[3] In the Virginia Lien Action, Debtor counterclaimed against General Contractor for breach of contract.[4]

Debtor filed a Chapter 11 bankruptcy petition in the Bankruptcy Court in September, 2010, and then both actions pending in Virginia State Court were removed to the Bankruptcy Court. The Georgia Action was removed to the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, which transferred the proceeding to the Bankruptcy Court in the Western District of Virginia. On the same day the Georgia Action was transferred to the Bankruptcy Court, Owners moved to consolidate the three proceedings before the Bankruptcy Court, and Lender moved to remand the Georgia Action to Georgia State Court. The Bankruptcy Court granted the motion to remand the Georgia Action, and took the motion to consolidate under advisement until resolution of the Georgia Action.

Owners filed a notice of appeal of the decision to remand the Georgia Action, and moved for a stay pending appeal with the Bankruptcy Court, which was denied. Owners then moved this Court for a stay pending appeal (*see* Case No. 3:10-mc-00046), which I denied by order dated November 22, 2010. Owners have also moved this Court to withdraw the reference of the three adversary proceedings (*see* Case No. 3:10-mc-00052); I address that motion in a separate order and memorandum opinion.

## II. APPLICABLE LAW

A bankruptcy court to which a civil claim or cause of action is removed pursuant to 28 U.S.C. § 1452(a) "may remand such claim or cause of action on any equitable ground." 28

---

[3] Once removed, this action became *Clancy & Theys Construction Co. v. Minor Family Hotels, LLC*, Adv. No. 10-06109.
[4] Subcontractors subsequently brought separate actions to foreclose on mechanic's liens.

U.S.C. § 1452(b).  A decision to remand is committed to the sound discretion of the bankruptcy judge and is reviewed for abuse of discretion.  *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 416-17 (B.A.P. 9th Cir. 1999) (describing the "any equitable ground" standard as "an unusually broad grant of authority"); *see also Ernst & Young, LLP v. Devan (In re Merry-Go-Round Enters., Inc.)*, 222 B.R. 254, 256 (D. Md. 1998).  A bankruptcy court "necessarily abuses its discretion if it bases its ruling on an erroneous view of the law."  *Snider v. Sherman*, No. CV-F-03-6605, 2007 U.S. Dist. LEXIS 32336, at *53 (E.D. Cal. Apr. 19, 2007) (quoting *Palm v. Klapperman (In re Cady)*, 266 B.R. 172, 178 (B.A.P. 9th Cir. 2001)).

### III. DISCUSSION

In determining whether "any equitable ground" justified remanding the Georgia Action to Georgia State Court, the Bankruptcy Court weighed twelve factors that courts have applied in this consideration.  *See Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F.2d 1071, 1075-76 (9th Cir. 1991).[5]  The Bankruptcy Court stated that the list of factors "serves to provide an intellectual matrix to guide the judge who considers abstention [or remand]."  *In re Minor Family Hotels*, Chap. 11 Case No. 10-62543, Adv. No. 10-06112, slip op. at 5 (alteration in original).  In their appeal, Owners argue that the Bankruptcy Court "failed to consider the correct legal standard governing remand" because it did not consider the "economical and/or duplicative use of judicial resources."  (Owners' Opening Br. 20.)  Owners contend that the

---

[5] The twelve factors the Bankruptcy Court applied are:  "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention [or remand], (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties."  *In re Minor Family Hotels*, Chap. 11 Case No. 10-62543, Adv. No. 10-06112, slip op. at 4-5 (alterations in original).

proper test to apply was set forth in *Kepley Broscious, PLC v. Ahearn (In re Ahearn)*, 318 B.R. 638, 643 (Bankr. E.D. Va. 2003), in which the court stated that "[s]ome equitable factors considered by courts under [28 U.S.C. § 1452(b)] include . . . economical and/or duplicative use of judicial resources."  But Owners cite no authority for the proposition that a certain set of factors must be considered in making this discretionary decision.  Indeed, courts have recited a range of equitable factors to guide them with analyzing remand under 28 U.S.C. § 1452(b).  *See*, *e.g.*, *Barge v. W. S. Life Ins. Co.*, 307 B.R. 541, 548 (S.D. W. Va. 2004) (considering eight factors, none of which were judicial economy); *Sowell v. U.S. Bank Trust Nat'l Ass'n*, 317 B.R. 319, 322-23 (E.D.N.C. 2004) (considering eleven factors, including judicial economy); *Lone Star Indus., Inc. v. Liberty Mutual Ins. Co.*, 131 B.R. 269, 273 (Bankr. D. Del. 1991) (considering seven factors, including judicial economy).

In any case, the Bankruptcy Court did take into account the efficient use of judicial resources in deciding whether remand was appropriate.  In its consideration of whether remand would promote "the efficient administration of the bankruptcy estate," the Bankruptcy Court emphasized the substantial judicial resources expended by the Georgia State Court to advance the Georgia Action to the point at which summary judgment motions could be heard, with trial set to occur not long thereafter.  *In re Minor Family Hotels*, Chap. 11 Case No. 10-62543, Adv. No. 10-06112, slip op. at 7 ("The Georgia Action is nearing its end.").  The Bankruptcy Court observed that, if the suit was not remanded, duplication of judicial effort would necessarily occur and further judicial resources would be expended.  *Id.*[6]  Consequently, the Bankruptcy Court did

---

[6] The Bankruptcy Court stated that retaining jurisdiction over the Georgia Action would result in the "litigation [], to some extent, begin[ning] anew," in part because it would take the Bankruptcy Court time "to become as familiar with the dispute" as the Georgia State Court.  *In re Minor Family Hotels*, Chap. 11 Case No. 10-62543, Adv. No. 10-06112, slip op. at 7-8.  Further, the Bankruptcy Court observed that, if the suit was entertained in the Bankruptcy Court, the parties might file motions that would further delay the suit's resolution.  *Id.* at 7.

not base its decision on an erroneous view of the law or otherwise abuse its discretion with regard to the judicial economy factor.

Owners also argue that the Bankruptcy Court erred because it failed to consider forum non conveniens as a factor relevant to equitable remand. (Owners' Reply 9.) Although some courts have indeed taken into account forum non conveniens in the equitable remand analysis, *see*, *e.g.*, *Barge*, 307 B.R. at 548 n.4, other courts have not, *see*, *e.g.*, *Rednel Tower, Ltd. v. Riverside Nursing Home (In re Riverside Nursing Home)*, 144 B.R. 951, 956 (Bankr. S.D.N.Y. 1992).[7] There has not been established a definitive set of factors that courts must consider in exercising their discretion to remand. While the convenience of the forum has some relevance to the present matter, it is clearly not one of the more prominent factors to consider,[8] so I cannot determine that the Bankruptcy Court erred as a matter of law in failing to analyze forum non conveniens.

Owners contend that the Bankruptcy Court misapplied the factors it considered to reach its decision that remand was appropriate. (Owners' Opening Br. 21.) After carefully reviewing each of the grounds for abuse of discretion Owners raise in their briefing, I conclude that the Bankruptcy Court did not abuse its discretion in determining that, on balance, the factors counseled for remanding the Georgia Action. "The law entrusts to [the Bankruptcy Court] the task of weighing pertinent factors and reaching a reasoned judgment on the remand issue." *In re Merry-Go-Round Enters.*, 222 B.R. at 256. Here, after determining whether twelve equitable factors would support remand, the Bankruptcy Court concluded that three factors "strongly

---

[7] Notably, the *In re Ahearn* decision, to which Owners cite in their argument that the "economical and/or duplicative use of judicial resources" should be a factor, did not set forth forum non conveniens as a factor to consider in an equitable remand, though it did consider forum non conveniens in its permissive abstention analysis. *See In re Ahearn*, 318 B.R. at 643-44.

[8] I observe in this regard that Owners did not raise the forum non conveniens argument in their 34-page Opening Brief before this Court; it was not until their Reply Brief that Owners identified forum non conveniens as a relevant factor.

counsel" remand, four factors "tend to counsel for remand," four factors "provide no guidance" either way, and one factor "counsels for denial of the motion to remand" but that factor was "not a strong factor in this case." *In re Minor Family Hotels*, Chap. 11 Case No. 10-62543, Adv. No. 10-06112, slip op. at 10. The Bankruptcy Court concluded that the balance of the factors counseled remand, and identified the fact that "after eighteen months of strongly contested litigation," the Georgia Action has "come to the verge of resolution," and "[i]t would be folly for this Court to begin the process anew." *Id.* On the record before me, I cannot conclude that the Bankruptcy Court's reasoned judgment to remand the Georgia Action was an abuse of discretion. The other arguments raised by Owners in their brief are meritless.[9]

## IV. CONCLUSION

For the reasons stated herein, the Court affirms the order of the Bankruptcy Court remanding the Georgia Action to Georgia State Court. The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this ___10th___ day of December, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[9] Owners claim that the Bankruptcy Court erred in failing to apply the "first-filed" rule, which federal courts have used to determine which suit may proceed when multiple suits are filed in different federal courts upon the same factual issues. *See Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982). But Owners provide no authority for applying the "first-filed" rule in the context of an equitable remand decision under 28 U.S.C. § 1452(b), in which provision Congress specified that remand is permitted "on any equitable ground." The equitable grounds identified by the Bankruptcy Court to justify remand are sound.

Owners also argue that, under *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996), abstention principles are not applicable to suits for damages. That is irrelevant because the Bankruptcy Court remanded under the authority of 28 U.S.C. § 1452(b), not pursuant to abstention doctrine. Section 1452(b) expressly permits bankruptcy courts to remand a removed action "on any equitable ground," and it is "an unusually broad grant of authority." *See In re McCarthy*, 230 B.R. at 416-17.